# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

       Petitioner,      :      Case No. 3:13-cv-024

                                        District Judge Timothy S. Black
   -vs-                                    Magistrate Judge Michael R. Merz
                                        :

STATE OF OHIO,

       Respondent.

## REPORT AND RECOMMENDATIONS

       This is an action in mandamus before the Court on Easterling's Petition for Temporary Restraining Order (Action in Mandamus)(Doc. No. 4 ).

       No process has been issued in the case, much less served on Defendant State of Ohio.

       Fed. R. Civ. P. 65(b) provides that a temporary restraining order may be issued without notice to the adverse party only if

> (a) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (b) the movant's attorney certifies in writing any efforts made to give notice and reasons why it should not be required.

       Attached to the Petition is a Notice from Judge Mary Wiseman of the Montgomery County Common Pleas Court that a final judgment has been entered in case No. 2012 CV 02436 in which Easterling in Plaintiff and Common Pleas Judge Dennis Langer is the Defendant. The Court infers from Easterling's papers that he wishes to file an appeal from that judgment, that he

1

has been "trespassed" from the Montgomery County Courthouse, and that Judge Crawford's Order declaring him to be a vexatious litigator bars him from filing in any event.

These facts are not sufficient for the Court to enter a temporary restraining order without notice. Entirely apart from the question whether there is merit to Easterling's Petition in mandamus, he has until February 16, 2013, to appeal from Judge Wiseman's Judgment. That is adequate time to notify the Ohio Attorney General and give him an opportunity to be heard.

The motion for temporary restraining order should therefore be denied.

January 28, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).