# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

       Petitioner,           :         Case No. 3:13-cv-024

                                         District Judge Timothy S. Black
   -vs-                                   Magistrate Judge Michael R. Merz

                                :

STATE OF OHIO,

       Respondent.

## REPORT AND RECOMMENDATIONS

This is a mandamus action seeking invalidation of the Ohio vexatious litigator statute, Ohio Revised Code § 2323.52. It is before the Court on Motion to Dismiss of the State of Ohio (Doc. No. 12) which Petitioner opposes (Doc. No. 14).

The State moves for dismissal under Fed. R. Civ. P. 12(b)(1) on the basis of its sovereign immunity under the Eleventh Amendment or, in the alternative, because the relief sought is barred by the Rooker-Feldman Doctrine established in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *Dist. Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983).

In a prior case, *Easterling v. State of Ohio,* Case No. 3:12-cv-300, Petitioner here previously sought to have Ohio Revised Code § 2323.52 declared unconstitutional. The State of Ohio, sole Defendant in that case as in this, moved to dismiss under Fed. R. Civ. P. 12(b)(1) on the same bases as it moves here for dismissal. On January 2, 2013, this Court dismissed that case on the bases raised by the State, on recommendations of the undersigned. *Easterling v. Ohio*, 2013 U.S. Dist. LEXIS 364 (S.D. Ohio 2013).

1

Because the decision in the prior case was a dismissal for lack of subject matter jurisdiction, it was not a final decision on the merits under the *res judicata* doctrine. Compare *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir. 1995)(quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

Nevertheless in the prior case the Court considered all the arguments Petitioner makes in this case and rejected them.. Moreover, Mr. Easterling took no appeal from this Court's final decision. Thus the same interests protected by the *res judicata* doctrine are present here and there is no need to rewrite the analysis previously given.

It is therefore respectfully recommended that this case be dismissed without prejudice for lack of subject matter jurisdiction.

March 22, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).