# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

      Petitioner,            :      Case No. 3:13-cv-024

                                        District Judge Timothy S. Black

   -vs-                          Magistrate Judge Michael R. Merz

                             :

STATE OF OHIO,

      Respondent.

---

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This case is before the Court on Petitioner's Objections (Doc. No. 16) to the Magistrate Judge's Report and Recommendations (the "Original Report," Doc. No. 15). As permitted by Fed. R. Civ. P. 72, the Petitioner has filed a Response to those Objections (Doc. No. 17). Judge Black has recommitted the case to the Magistrate Judge for a supplemental report and recommendations (Doc. No. 18).

In the Original Report, the Magistrate Judge recommended granting the State of Ohio's Motion to Dismiss (Doc. No. 12) on the ground that this Court lacks subject matter jurisdiction over the case. The State sought dismissal on the basis of Eleventh Amendment sovereign immunity and the *Rooker-Feldman* Doctrine. The Magistrate Judge recommended granting that relief because the same issues had been raised and decided against Mr. Easterling in *Easterling v. Ohio,* 2013 U.S. Dist. LEXIS 364 (S.D. Ohio 2013).

Easterling begins by claiming that the decision in the prior case was an "invalid judgment" and that "no final appealable order" was entered in that case (Objections, Doc. No.

1

21, PageID 107).  He cites no legal basis for those claims.  In fact, District Judge Black adopted the Magistrate Judge's recommendation to dismiss the prior case without prejudice for lack of jurisdiction on December 4, 2012, and the Clerk entered a judgment to that effect the same day (Doc. Nos. 13, 14).  Although Easterling moved for relief from the judgment, District Judge Black denied that request and Easterling never filed any appeal in that case, either from the Judgment or from denial of relief from judgment.  Both the judgment and the denial of relief from judgment are appealable orders under 28 U.S.C. § 1291.  Since the time for appeal has expired, those orders are now final (i.e., no longer appealable).  If Easterling wanted to establish that either of those two orders was invalid, it was incumbent upon him to appeal to the Sixth Circuit, which he has not done.

The Objections argue two basic points, that the *Rooker-Feldman* Doctrine does not bar a decision on the merits of Plaintiff's claim that Ohio Revised Code § 2323.52 is unconstitutional and that Congress has abrogated the sovereign immunity of Ohio.  Those two arguments are interwoven, but are analytically separate and are treated separately here.

## Rooker-Feldman

Easterling argues that the *Rooker-Feldman* Doctrine is not "an actual law" by which he seems to mean it is not a statute or part of the Constitution (Objections, Doc. No. 16, PageID 107-108).  He defines doctrine as "a principle of law established through past decisions."  *Id.* at 107.  Because, Easterling says, the *Rooker-Feldman* Doctrine conflicts with statutes (e.g. 28 U.S.C. § 1331) and constitutional provisions such as "the law of due process," it is unconstitutional under the Supremacy Clause.  *Id.* at PageID 108.

2

This argument misunderstands some fundamentals of American jurisprudence. Without doubt, the Constitution is the supreme law of the land. Art. VI, § 2. Very early in the history of the Republic, the Supreme Court accepted the principle that the Constitution was law, that it was the province of the courts and ultimately the Supreme Court to say what the Constitution means, and that other "laws," including statutes adopted by Congress, were invalid if they conflicted with what the Supreme Court decides the Constitution means. *Marbury v. Madison*, 5 U.S. 137, 2 L. Ed. 60 (1803).

*Rooker v. Fidelity Trust Co.,* 263 U.S.413 (1923), and *Dist. Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983), are decisions of the United States Supreme Court about what the Constitution, and particularly Article III, means in the context of claims such as those raised by Mr. Easterling. Judicial authority in the federal system is hierarchical and lower courts must follow the law as established by the Supreme Court. Trial courts such as this one are obliged to follow precedent set by Supreme Court. "Unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375 (1982). Thus to argue to this Court that the *Rooker-Feldman* Doctrine is unconstitutional only has meaning insofar as Easterling wants to preserve that argument to make on appeal some day to the United States Supreme Court. Until that Court says Rooker-Feldman is unconstitutional (and must be "buried immediately" in Easterling's phrase), this Court is bound to obey those decisions.

*Rooker* was decided in 1923, long before the codification of 28 U.S.C. § 1331 in 1948. However, the same principle was involved: the plaintiff sought a district court invalidation of a state court judgment and the Supreme Court determined that the district court did not have

3

jurisdiction to hear the case.  In *Feldman*, the District of Columbia Court of Appeals had denied, in a judicial proceeding, Feldman's right to be admitted to the D.C. Bar over a claim by Feldman that the relevant D.C. Bar rule was unconstitutional.  Claiming jurisdiction under 28 U.S.C. § 1331, the same statute relied on by Easterling, Feldman sought to have that judgment of the D.C. Circuit Court of Appeals overturned, but the Supreme Court held there was no district court jurisdiction.

Easterling relies at several points on *Edgar v. Mite Corp.*, 457 U.S. 624 (1982)(See Objections, Doc. No. 16, PageID 110, 112).  That case nowhere involved the question of district court subject matter jurisdiction over state court judgments alleged to be unconstitutional.

In addition to arguing that *Rooker-Feldman* is unconstitutional, Easterling also argues it does not apply here because he is making a general claim that Ohio Revised Code § 2323.52, the Ohio vexatious litigator statute, is unconstitutional.  (Objections, Doc. No. 16, PageID 113-114).

The *Rooker-Feldman* doctrine bars relitigation of claims actually raised in state-court proceedings as well as claims that are inextricably intertwined with claims asserted in those proceedings.  *Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir. 1998).  In practice this means that when granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction.  *Pieper v. American Arbitration Assn., Inc.*, 336 F.3d 458, 460 (6th Cir. 2003)(Moore, J.), quoting *Catz*: "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment."  The *Rooker-Feldman* doctrine, however, does not bar jurisdiction when the plaintiff's claim is merely "a general challenge of the state law applied in the state action," rather than a challenge to the law's application in a particular state case."  *Id.*, quoting *Tropf v. Fidelity*

*Nat'l Title Ins. Co.,* 289 F.3d 929, 937 (6th Cir. 2002), *cert. denied,* 123 S. Ct. 887 (2003); *see also Hood v. Keller*, 341 F.3d 593 (6th Cir. 2003). Without question, Easterling was a party to the underlying state case in which he was adjudged to be a vexatious litigant and his Motion for Temporary Restraining Order in this case asks this Court to enjoin "any and all orders requiring the petitioner seek leave of court pursuant to 2323.52 of the Ohio Revised Code on the basis of the statute . . ." (Motion, Doc. No. 4, PageID 30).

Easterling relies on *Exxon Mobil v. Saudi Basic Industries, Corp.*, 544 U.S. 280 (2005). There a unanimous Supreme Court decided that *Rooker-Feldman* should not be expanded to a case where there was parallel state and federal litigation, but the state court reached judgment first. The Sixth Circuit explained in *McCormick v. Braverman*, 451 F.3d 382 (6th Cir. 2006), that for *Rooker-Feldman* to apply, in light of *Exxon Mobile*, the harm to plaintiff must flow from the state court judgment, not from actions of others in obtaining that judgment. *Todd v. Weltman, Weinberg, & Reis Co., L.P.A.,* 434 F.3d 432 (6th Cir. 2006)(*Rooker-Feldman* does not apply where harm flows not from the state court judgment, but from filing a false affidavit in the state court proceeding.) Easterling asserts that the issue in the state court litigation was only whether he was a vexatious litigant, not whether the statute permitting him (or anyone else) to be declared a vexatious litigant was constitutional. But the fact that Easterling did not defend against the vexatious litigator judgment by claiming that the statute was unconstitutional does not mean he can reserve that question for separate litigation in district court. Here he seeks not only a general declaration that the statute is unconstitutional, but injunctive relief to prevent application to himself of an existing state court judgment finding him to be a vexatious litigator. The state court judgment that he is covered by that statute is "inextricably intertwined" with the question whether that statute can be constitutionally applied to anyone. Moreover, we do not

here have parallel state and federal litigation as in *Exxon Mobile*. Rather, the state court litigation was final well before the present case was filed.[1]

Easterling seeks the benefit of law to the effect that the federal court can exercise jurisdiction to adjudicate whether the state court judgment was obtained corruptly (Objections, Doc. No. 16, PageID 114). However, Easterling's notion of "corruption" is that the state court judgment is corrupt because it relies on an unconstitutional statute. If the exception to *Rooker-Feldman* for corrupted state court judgments were broad enough to encompass that idea, it would be broad enough to swallow the *Feldman* decision itself.

## Eleventh Amendment Immunity

The State also sought dismissal on grounds it is immune from suit under the Eleventh Amendment (Motion, Doc. No. 12) and the Magistrate Judge recommended dismissal on that basis as well (Original Report, Doc. No. 15). Easterling objects on the grounds that Congress has abrogated Ohio's sovereign immunity by adopting 28 U.S.C. § 1331. (Objections, Doc. No. 16, PageID 108, 110-112.)

Easterling is correct that Section 5 of the Fourteenth Amendment, because it was passed after the Eleventh Amendment, empowers Congress to abrogate state sovereign immunity. *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976). However, Congressional abrogation of state immunity under the Eleventh Amendment must be by unequivocal statement. *Green v. Mansour*, 474 U.S. 64 (1985); *Blatchford v. Native Village of Noatak,* 501 U.S. 775 (1991).

---

[1] Whether Easterling is barred by *res judicata* from raising the claim in this Court is beyond the issues presented, since the State seeks dismissal on jurisdictional grounds only. Contrary to Easterling's assertion that "[t]he State is attempting to argue res judicata. . ."(Objections, Doc. No. 16, PageID 114), the State made no such argument in its Motion to Dismiss.

Easterling relies on 28 U.S.C. § 1331, but that statute nowhere talks about abrogating Eleventh Amendment immunity.  There are many examples of cases raising federal questions over which district courts have jurisdiction under § 1331, for example, suits to recover money damages or injunctive relief for state violation of federal constitutional rights under 42 U.S.C. § 1983. However, the Supreme Court has held that Congress has not abrogated state sovereign immunity in suits under 42 U.S.C. § 1983. *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940-41 (6th Cir. 1990), *citing Quern v. Jordan,* 440 U.S. 332 at 341 (1979)).  Easterling points to no language in any federal statute which says, unequivocally or not, that Congress is abrogating state sovereign immunity for the sorts of claims Easterling raises here.  In sum, while Congress may have the power to abrogate Eleventh Amendment immunity for this kind of case, it has not done so.

### Conclusion

Having reconsidered the Original Report in the light of Mr. Easterling's Objections, the Magistrate Judge again concludes district court jurisdiction of this case is precluded by the Rooker-Feldman Doctrine and by Ohio's immunity from suit in federal court under the Eleventh Amendment.  It is therefore again respectfully recommended that this case be dismissed without prejudice for lack of subject matter jurisdiction.

April 17, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).