# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

      Petitioner,  :  Case No. 3:13-cv-024

                                       District Judge Timothy S. Black
  -vs-                                Magistrate Judge Michael R. Merz

                                       :

STATE OF OHIO,

      Respondent.

## DECISION AND ORDER

This case is before the Court on Petitioner's Motion to Amend (Doc. No. 26) and before the Magistrate Judge on Judge Black's Recommittal Order (Doc. No. 28) relating to the two pending Reports and Recommendations (Doc. Nos. 15, 19) and Petitioner's Objections thereto (Doc. Nos. 16, 20).

The Motion to Amend was filed and served June 10, 2013[1]. Under S. D. Ohio Civ. R. 7.2, Respondent's memorandum in opposition was due to be filed by July 5, 2013, but no opposition has been filed. The Motion to Amend is therefore ripe for decision.

As part of the Motion to Amend, Petitioner seeks to substitute Ohio Attorney General Mike Dewine as the sole respondent in this case. Petitioner hopes thereby to eliminate the Eleventh Amendment as a barrier to this case (Motion, Doc. No. 26, PageID 159). Insofar as this case is a facial attack on the constitutionality of Ohio's vexatious litigator statute, Ohio Revised

---

[1] Easterling states "THE PROPOSED AMENDMENTS WILL NOT BE SERVED UNTIL LEAVE IS GRANTED BY THIS COURT." Doc. No. 26, PageID 159. Although Petitioner has, in violation of Fed. R. Civ. P. 5, failed to include a certificate of service of the Motion to Amend, the Motion was served electronically on Respondent's counsel by the Court's CM/ECF system.

1

Code § 2323.52, the Court finds that the Attorney General is the person with appropriate standing under federal law to defend the statute. See, e.g., discussion of standing in *Hollingsworth v. Perry*, 570 U.S. ___, 2013 U.S. LEXIS 4919 (2013). Because the existing Respondent in this case is represented by an Assistant Ohio Attorney General and she has raised no objection within the time allowed, the Court concludes the Attorney General is the proper party to defend the statute under Ohio law as well. Accordingly, the Motion to Substitute is GRANTED and Ohio Attorney General Mike Dewine is hereby substituted as the sole Respondent in this case.

Easterling is also correct that substitution of the Attorney General obviates the Eleventh Amendment objection which the State of Ohio had raised and the Magistrate Judge had recommended be sustained. See *Ex parte Young*, 209 U.S. 123 (1908); *Cory v. White*, 457 U.S. 85 (1982); *Thomson v. Harmony*, 65 F.3d 1314, 1320 (6th Cir. 1995).

Although he does not argue the point separately, Easterling has also eliminated the *Rooker-Feldman* objection which the State made to his original Complaint in that the Proposed Amended Complaint does not seek to have this Court interfere with any extant judgment involving a determination that Easterling is a vexatious litigator under the statute, except by way of seeking a permanent injunction against any enforcement of the statute.

Accordingly, the Report and Recommendations (Doc. No. 15) and Supplemental Report and Recommendations which recommended that the case be dismissed for lack of subject matter jurisdiction as a result of the Eleventh Amendment and the Rooker-Feldman Doctrine are WITHDRAWN.

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc.
> -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989). *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980).

While it would be possible to consider the merits of Easterling's claims on the Motion to Amend, the Magistrate Judge finds it would be inappropriate to do so. Rather, the Attorney General should be given an opportunity to present a full defense of the statute either by way of an answer or a motion under Fed. R. Civ. P. 12(b)(6).

Accordingly, the Motion to Amend is GRANTED. Petitioner shall file and serve the Amended Complaint forthwith. Respondent shall respond to the Amended Complaint within the time allowed by Fed. R. Civ. P. 15(a)(3).

July 8, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

3