# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

        Petitioner,           :      Case No. 3:13-cv-024

                                 District Judge Timothy S. Black

    -vs-                         Magistrate Judge Michael R. Merz

                              :

STATE OF OHIO,

        Respondent.

---

## REPORT AND RECOMMENDATIONS

---

Petitioner Warren Easterling brought this mandamus action *pro se* to obtain permanent injunctive relief against the enforcement of Ohio's vexatious litigator statute, Ohio Revised Code § 2323.52 (the "Statute"), on the grounds it violates a number of his federal constitutional rights. The case is before the Court on Petitioner's Amended Motion for Permanent Injunction (Doc. No. 27) and Respondent's Motion to Dismiss the Amended Complaint (Doc. No. 32). Easterling has responded with what he labels a Motion to Overrule, (Doc. No. 35).

This is one of several cases filed by Easterling in this Court attempting to obtain relief from operation of the Statute. Prior (3:12-cv-300) and subsequent (3:13-cv-106) cases have been dismissed on grounds of judicial or sovereign immunity or under the *Rooker-Feldman* doctrine. It appears, however, that with the substitution of Attorney General Mike DeWine as the sole Respondent, the controversy is structured to permit a decision on the merits. Easterling has himself been declared a vexatious litigator by the Common Pleas Court of Greene County in Case No. 2010 CV 1267 (Order, Exhibit 1 to Doc. No. 4). Respondent does not contest

1

Easterling's standing to challenge the statute and the Court finds there is a constitutionally adequate case or controversy between the parties.

**The Allegedly Offending Statute**

The Statute is set out in full in the Appendix.  Briefly, it enables an Ohio Common Pleas Court, on suit of a person or the chief legal officer of a number of political entities, to declare a person a "vexatious litigator."  Once that declaration is made, the person thus designated must obtain leave of court before taking various acts in litigation, including instituting legal proceedings.  Leave is not to be granted unless the court finds that "the proceedings or application are not an abuse of process and that there are reasonable grounds for the proceedings or application."  Ohio Revised Code § 2323.52(F)(1).

**Plaintiff's Claims of Unconstitutionality**

Petitioner does not state any statutory or common law basis for his case.  However, since all his claims assert he is being deprived of federal constitutional rights by the State of Ohio, the case is properly seen as arising under 42 U.S.C. § 1983 which provides a private right of action for persons with claims of this nature.

In Count One of the Amended Complaint, Easterling asserts that the Statute violates the Supremacy Clause of the United States Constitution (Art. VI, Cl. 2) by "undermin[ing] or limit[ing] the reach of the 5th and 14th amendments" by somehow leaving the State of Ohio free to comply with federal law in some cases and defy it in others.  (Proposed Amended Complaint, Doc. No. 30, PageID 239.)

2

In Count Two Easterling asserts the Statute violates the principles of federalism embodied in the Tenth Amendment. *Id.* at PageID 241. In Count Three he claims the Statute violates 42 U.S.C. § 1985 by depriving persons of rights or privileges granted to citizens of the United States.

In Count Four Easterling asserts the Statute violates the Due Process Clause of the Fourteenth Amendment in a number of ways. First Easterling asserts "[t]he requirement to seek leave of court to enjoy ones [sic] constitutionally granted rights and the potential of being denied the same based on a court order born from a state statute is a direct violation of the rights granted in the Fourteenth Amendment of the U.S. Constitution . . . by giving state court judges 'the opportunity to exterminate legitimate claims based solely on the judges [sic] opinion of whether it is an abuse of process or groundless.'" *Id.* at PageID 243. The screening mechanism is alleged to be vague. *Id.* at 244. Although the Statute provides that leave will be granted even to a person classified as a vexatious litigator if he or she can show injury, damages, and a legal basis, Easterling projects that judges will exceed their authority and decide on the basis of whether he or she likes the case or the party against whom it is brought. *Id.* at PageID 244.

Easterling continues Count Four by asserting the State has no compelling need for the Statute which would in any event be "secondary to the intent of Congress." *Id.* at 246. Attorneys, including prosecutors, are alleged to file many baseless lawsuits so that the Statute discriminates against *pro se* litigants unfairly. *Id.* at PageID 247. The definitions of the Statute are alleged to be vague and ambiguous. Finally, Easterling asserts it violates the law of standing to allow a person who was not a party to the case in which someone was declared a vexatious litigator to rely on that designation. *Id.* at PageID 250.

In Count Five Easterling alleges the Statute violates the Privileges and Immunities and Equal Protection Clauses by discriminating against *pro se* litigants.  *Id.* at PageID 252-53.  Count Six asserts the Statute violates the incorporation doctrine.  *Id.* at PageID 254.  Count Seven again raises Easterling's claim that third parties should not be able to use a vexatious litigator designation obtained by another person.  *Id.* at PageID 254-56.

Count Eight alleges the Statute violates rights to due process and free access to the courts. *Id.* at PageID 256-60.  The statute is said to impose cruel and unusual punishment.  *Id.* In Count Nine the Statute is alleged to violate the Case or Controversy Clause of Article III by allowing reliance on a vexatious litigator designation by third parties.  *Id.* at 260-62.

**The Pending Motions**

Based on the claims made in the Amended Complaint, Petitioner seeks preliminary and permanent injunctive relief against enforcement of the vexatious litigator statute, "requiring the respondent to repeal the same."  *Id.* at PageID 262 and Doc. No. 27.

Respondent seeks dismissal of the Amended Complaint in its entirety, asserting that it fails to state a claim upon which relief can be granted (Motion, Doc. No. 32, PageID 279).

**Standard of Review**

**For a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)**

Respondent's Motion is made under Fed. R. Civ. P. 12(b)(6).  "The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is

not a procedure for resolving a contest about the facts or merits of the case." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 294 (1990); *see also Gex v. Toys "R" Us*, 2007 U.S. Dist. LEXIS 73495, *3-5 (S.D. Ohio, Oct. 2, 2007); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), *citing Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). Stated differently, a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is designed to test the sufficiency of the complaint. *Riverview Health Institute LLC v. Medical Mutual of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)], at 346, 125 S.Ct. 1627, 161 L. Ed. 2d 577; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289

F. Supp. 2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Twombly*, 550 U.S. at 558 (*overruling Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), specifically disapproving of the proposition that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007). In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court made it clear that *Twombly* applies in all areas of federal law and not just in the antitrust context in which it was announced.

For purposes of the motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes,* 416 U.S. 232 (1974); *Westlake v. Lucas,* 537 F.2d 857 (6th Cir. 1976); *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). A *pro se* litigant is entitled to liberal construction of his or her pleadings. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988); *followed Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236 (6th Cir. 1990); *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101 (6th Cir. 1995). The Court "need not accept as true legal conclusions or unwarranted factual inferences*." Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987). Bare assertions of legal conclusions are not sufficient. *Rondigo L.L.C. v. Twp. of Richmond,* 641 F.3d 673, 684 (6th Cir.

2011); *Hensley Mfg. v. ProPride, Inc.,* 579 F.3d 603 (6th Cir. 2009); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *Sogevalor S.A. v. Penn Central Corp.*, 771 F. Supp. 890, 893 (S.D. Ohio 1991).  It is only well-pleaded facts which are construed liberally in favor of the party opposing the tion to dismiss.  *Id., citing Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); see also Wright & Miller, FEDERAL PRACTICE AND PROCEDURE:  Civil 2d §1357 at 311-318 (1990).


**For a preliminary injunction motion**


The factors to be considered in determining whether to issue a preliminary injunction are

> 1)  Whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merits;
> 2) Whether the plaintiffs have shown irreparable injury;
> 3) Whether the issuance of a preliminary injunction would cause substantial harm to others;
> 4) Whether the public interest would be served by issuing a preliminary injunction.

*Nightclubs, Inc. v. City of Paducah,* 202 F.3d 884, 888 (6th Cir. 2000); *Washington v. Reno,* 35 F.3d 1093, 1099 (6th Cir. 1994); *NAACP v. City of Mansfield*, 866 F.2d 162, 166 (6th Cir. 1989); *Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985);  *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th  Cir. 1985).  These four considerations are "factors to be balanced, not prerequisites that must be met.  Accordingly, the degree of likelihood of success required may depend on the strength of the other factors."  *DeLorean*, 755 F.2d at 1229.  The four considerations are factors to be balanced, not prerequisites that must be met.  *Mich. Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001).  Although no one factor is controlling, a finding

that there is no likelihood of success is usually fatal. *Gonzales v. Nat'l Bd. of Med. Exam'rs,* 225 F.3d 620, 625 (6th Cir. 2000).

## Analysis

This is a facial challenge to the constitutionality of the Statute. As has been explained in the Court's Orders dismissing Easterling's prior cases, this Court cannot review the application of the Statute to Easterling in particular Ohio cases because to do so would violate the *Rooker-Feldman* doctrine.

Respondent begins by showing that the Ohio Supreme Court has upheld the constitutionality of the Statute under Ohio law (Motion, Doc. No. 32, at PageID 273), citing *Mayer v. Bristow*, 91 Ohio St. 3d 3 (2000). Petitioner responds by making it clear he is raising no claim under Ohio law (Motion to Overrule, Doc. No. 35, PageID 291).

In *Hall v. Callahan*, ___ F.3d ___, 2013 U.S. App. LEXIS 14520 (6th Cir. 2013), the Sixth Circuit Court of Appeals upheld the Statute against a facial constitutional challenge such as Petitioner makes here. The court wrote:

> Plaintiffs appeal the District Court's dismissal of their general challenge to the constitutionality of the Statute. In their complaint, Plaintiffs sought a declaration that the Statute is facially unconstitutional for violating the First, Fifth, and Fourteenth Amendments. The District Court held that *Rooker-Feldman* did not bar a "general challenge to the constitutionality of the state law applied in the state action." *Tropf v. Fidelity Nat'l Title Ins. Co*., 289 F.3d 929, 937 (6th Cir. 2002)(quoting *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998)). However, the District Court nonetheless dismissed the claim because it found that the Statute was constitutional as a matter of law, adopting the reasoning of *Grundstein v. Ohio*. 2006 U.S. Dist. LEXIS 87880, 2006 WL 3499990 at *3-7. The *Grundstein* plaintiff argued that the Statute

8

was unconstitutional on its face because it violated the First and Fourteenth Amendments. 2006 U.S. Dist. LEXIS 87880, [WL] at *3. Applying a rational basis test, the *Grundstein* court held that the Statute was constitutional because it did "not arbitrarily and capriciously deprive citizens of a constitutionally protected liberty or property interest." 2006 U.S. Dist. LEXIS 87880, [WL] at *6. Plaintiffs now challenge the District Court's reliance on *Grundstein*.

Plaintiffs argue that *Grundstein v. Ohio* applied the incorrect standard of review. Plaintiffs claim that strict scrutiny should have been applied because access to the courthouse is a fundamental right. *Swekel v. City of River Rouge*, 119 F.3d 1259, 1261 (6th Cir. 1997). However, Plaintiffs fail to realize that although access to courts is a fundamental right, the ability to file frivolous lawsuits is not. *Bill Johnson's Rests. v. NLRB*, 461 U.S. 731, 743, 103 S. Ct. 2161, 76 L. Ed. 2d 277 (1983) ("Just as false statements are not immunized by the First Amendment right to freedom of speech, baseless litigation is not immunized by the First Amendment right to petition.") (citations omitted). As the *Grundstein* court held, the Statute specifically targets baseless litigation. Ohio Rev. Code Ann. § 2323.52 (2002).

Plaintiffs also argue that the Statute is overbroad and that there are less restrictive means to prevent vexatious litigation, namely requiring that all vexatious litigators be represented by counsel, who, in turn, are governed by Ohio Civil Rule 11. However, as the *Grundstein* court reasoned, the Statute is not overbroad because it "is not aimed at constitutionally protected speech" and provides a procedure for meritorious claims to be heard, even when they are filed by vexatious litigators. *Grundstein*, 2006 U.S. Dist. LEXIS 87880, 2006 WL 3499990 at *5.

Next, Plaintiffs claim that the Statute violates the First Amendment right to free speech. However, as the *Grundstein* court reasoned, vexatious conduct is not protected by the First Amendment. 2006 U.S. Dist. LEXIS 87880, [WL] at *3-4. Furthermore, constitutionally protected speech is not banned by the Statute because it does not prevent vexatious litigators from filing future lawsuits as long as those lawsuits have merit.

9

In addition, Plaintiffs contend that the Statute violates the Due Process Clause. However, as the *Grundstein* court reasoned, the Statute does not arbitrarily and capriciously deprive citizens of a constitutionally protected liberty or property interest. 2006 U.S. Dist. LEXIS 87880, [WL] at *6. As the *Grundstein* court held, and as we note above, the Statute is rationally related to legitimate ends, so it is not arbitrary. *See Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 227, 106 S. Ct. 507, 88 L. Ed. 2d 523 (1985). The Statute also restrains narrowly only the conduct it seeks to prohibit, by providing a mechanism by which even vexatious litigants can file meritorious actions.

Finally, Plaintiffs claim that the Statute violates the Equal Protection Clause. This argument clearly has no merit. In making an equal protection challenge, the plaintiff must demonstrate that a discrimination of some substance has occurred which has not occurred against other individuals who were similarly situated. *City of Cleburne, Texas v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985). Plaintiffs have not identified two groups, nor how the Statute treats them differently.

In sum, the District Court's reliance on *Grundstein* in rejecting Plaintiffs' facial constitutional challenge was not in error.

*Id.* at *14-18.

Easterling correctly points out that *Hall v. Callahan* does not address all of the claims he makes. But for the claims which are the same, *Hall* is dispositive as a published precedent of the appellate court which reviews judgments of this Court. *Hall* requires dismissal of Easterling's due process claims in Count Four, the equal protection claims in Count Five, and the due process and free access to courts claims in Count Eight. The remainder of Easterling's claims require further analysis.

In Count One, Easterling alleges the Statute violates the Supremacy Clause, Article VI, Clause 2 of the United States Constitution, which provides:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof, and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land, and the Judges in every State shall be bound thereby, anything in the Constitution or Laws of any State to the Contrary notwithstanding.

Easterling does not suggest any federal statute which is violated by the Ohio Statute in suit. Congress has the power to require state courts to hear claims arising under federal law. *Haywood v. Drown*, 556 U.S. ___, 129 S. Ct. 2108 (2009); *Testa v. Katt*, 330 U.S. 386 (1947), but Easterling suggests no way in which the Statute encroaches on this power of Congress. He is of course correct to the extent that he asserts that if the Statute violates the federal Constitution, it cannot stand; specific instances of asserted constitutional violation are dealt with below. Count One does not state a claim for relief under 42 U.S.C. § 1983.

Easterling's Count Two is based on the Tenth Amendment to the United States Constitution which provides "t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." The logic of the Tenth Amendment runs contrary to Easterling's argument. That is, since nothing in the federal Constitution prohibits the States from limiting filings of vexatious litigators or otherwise preventing vexatious litigation conduct, the Tenth Amendment supports the power of Ohio to adopt the Statute, rather than prohibiting it. Count One does not state a claim for relief under 42 U.S.C. § 1983.

Count Three purports to state a claim for relief under 42 U.S.C. § 1985. Respondent seeks dismissal because § 1985 prohibits conspiracies for deprivation of equal protection of the laws (Motion, Doc. No. 32, PageID 274). Easterling responds "[p]etitioner is not claiming a conspiracy and does not need to." (Response, Doc. No. 35, PageID 293.) Easterling is incorrect

in this regard. Every subsection of 42 U.S.C. § 1985 addresses a conspiracy for deprivation of civil rights of some kind. For example, to prevail on a § 1985(3) claim, one must prove "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005), *quoting Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2001) (*quoting United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29 (1983)). By his own candid admission, Easterling is not claiming any sort of conspiracy. Count Three fails to state a claim upon which relief can be granted.

In Count Five, Easterling makes both a privileges and immunities claim and an equal protection claim; *Hall* is dispositive of the latter. The Privileges and Immunities Clause of the Fourteenth Amendment provides: "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States. . . ." The *Slaughter-House Cases*, 16 Wall. 36 (1873), handed down just four years after the Fourteenth Amendment was ratified, interpreted the Privileges and Immunities Clause as protecting only those rights "which owe their existence to the Federal government, its National character, its Constitution, or its laws." *Id.* at 73. That includes such rights as the right

> to come to the seat of government to assert any claim [a citizen] may have upon that government, to transact any business he may have with it, to seek its protection, to share its offices, to engage in administering its functions . . . [and to] become a citizen of any State of the Union by a bona fide residence therein, with the same rights as other citizens of that State.

*Id.*, at 79-80, 83 U.S. 36, 21 L. Ed. 394 (as quoted in *McDonald v. Chicago*, 130 S. Ct. at 3029). Access to state courts has never been held to be one of the privileges or immunities coming within the protection of the Fourteenth Amendment and the Supreme Court has shown a recent reluctance to rethink the *Slaughter-House* decision, despite a strong invitation to do so in *McDonald*. The privileges and immunities claim in Count Five fails to state a claim upon which relief can be granted.

In Count Six Easterling asserts the Statute violates the incorporation doctrine. That is the doctrine by which various parts of the federal Bill of Rights (Amendments I through X) have been "incorporated" into the Due Process Clause of the Fourteenth Amendment and thereby made applicable to the States. The Supreme Court originally held that the Bill of Rights did not apply to the States. *Barron ex rel Tiernan v. Mayor of Baltimore*, 7 Pet. 243 (1833)(Marshall, C.J.). "The Court eventually incorporated almost all of the provisions of the Bill of Rights," *McDonald, supra,* at 3022. States are unable to violate the incorporation doctrine. To put it another way, that doctrine does not create rights for individual citizens. Instead, it makes rights guaranteed against the federal government also to be guaranteed against state interference. To the extent Easterling has rights affected by the incorporation doctrine, they are rights from the Bill of Rights which are applicable to the State of Ohio and are considered herein under the analysis of each separate constitutional right. Count Six therefore does not state a claim upon which relief can be granted.

Count Seven embodies the argument which Easterling makes in several different ways that it is not fair or constitutional for a litigant to be able to take advantage in lawsuit B of the designation of his or her opponent as a vexatious litigator which some other litigant obtained in lawsuit A. He likens what happens when this occurs (and which the Statute contemplates) to the

benefit a member of a class action gets without having to bear the burden of the litigation.  His analogy is apt.  Once a person is designated as a vexatious litigator under the Statute, he or she bears that designation indefinitely unless the order has a time limit.  Ohio Revised Code § 2323.52(E). But nothing in the United States Constitution forbids the States from granting or recognizing a status in one legal proceeding which then applies in many others.  To take just one example, once a person passes the bar examination and is sworn in as an attorney, he or she is entitled as a matter of law to practice that profession in any of the many varieties of legal practice that exist.  As another example, once a person is convicted of a felony, they suffer certain disabilities (e.g., inability to serve as a juror, inability to possess a firearm, etc.) unless and until that disability is removed.  While having the designation made in one piece of litigation burdens the vexatious litigator to fight hard against the designation the first time it is threatened, it also lessens the burden on the judicial system to be able to make the designation once.

Easterling argues from the doctrine of standing against this result, but the doctrine of standing governs whether a person can enter a lawsuit to litigate issues, not whether the person can take advantage of the results of a lawsuit in which he or she did not participate.

Count Seven does not state a claim upon which relief can be granted.

Aside from the due process and equal protection claims governed by *Hall*, Easterling also raises a cruel and unusual punishment claim as part of Count Eight.  The Eighth Amendment provides "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."  The Eighth Amendment limits the punishment which may be imposed for a criminal conviction.  To give recent examples of its application, the execution of those who committed aggravated murder under the age of eighteen is prohibited by the Constitution.  *Roper v. Simmons,* 543 U.S. 551 (2005).  The Cruel and Unusual Punishment

Clause forbids mandatory life-without-parole sentences for juvenile murderers. *Miller v. Alabama*, 567 U.S. ___, 132 S. Ct. 2455, *; 183 L. Ed. 2d 407 (2012). The same Clause forbids a life without parole sentence for juvenile non-homicide offenders. *Graham v. Florida*, 560 U.S. 48 (2010).

Easterling in effect argues to extend the reach of the Eighth Amendment by applying it to the status designation of "vexatious litigator." But designating someone with a status is not the same as punishing them for a crime. That is to say, criminal punishments are fines and imprisonment or execution, but not designation of status for civil litigation.

Easterling relies on *Trop v. Dulles,* 356 U.S. 86 (1958). In that case the Supreme Court struck down as unconstitutional the provision of 8 U.S.C. § 1481 which provided that a person convicted by court martial of desertion in wartime was thereby deprived of his American citizenship. Four Justices concluded this constituted cruel and unusual punishment. Justice Brennan concurred in the judgment on the ground that denationalization was beyond the power of the national government. Because Justice Brennan's vote was necessary for a majority, the basis of his opinion – lack of federal authority – forms the holding of the Court, and not the cruel and unusual punishment opinion of the plurality. Be that as it may, the deprivation of rights in *Trop* is far great than here. As the Court put it, Trop was divested of the right to have rights. That is certainly not what happens to persons designated vexatious litigators. The designation as a vexatious litigator is not a "sentence" as understood in criminal law, although it will be embodied in a judgment.

Count Eight does not state a claim upon which relief can be granted.

Finally in Count Nine Easterling argues the Statute violates the "case or controversy" requirement of Article III of the Constitution. Count Nine does not state a claim upon which

relief can be granted because the Case or Controversy Clause applies only to the federal courts. To put it another way, the Constitution limits federal judges to deciding cases or controversies, but imposes no such limits on state judges.  For example, the Common Pleas Court in Montgomery County, as a result of an Ohio statute, appoints some of the members of the local public library board, a function which could not be delegated to federal judges.

**Conclusion**

The Amended Complaint in this case fails to state a claim upon which relief can be granted.  It should therefore be dismissed.  Because no amendment to add new facts would make Petitioner's constitutional facial challenge to the Statute any stronger, the dismissal should be with prejudice.  Because he cannot prevail on the merits, Easterling's Motion for Preliminary Injunction should be denied.

August 16, 2013

s/ *Michael R. Merz*
United States Magistrate Judge

**Appendix**

**§ 2323.52. Civil action to have person declared vexatious litigator; restrictive orders**

(A) As used in this section:

(1) "Conduct" has the same meaning as in section 2323.51 of the Revised Code.

(2) "Vexatious conduct" means conduct of a party in a civil action that satisfies any of the following:

(a) The conduct obviously serves merely to harass or maliciously injure another party to the civil action.

(b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

(c) The conduct is imposed solely for delay.

(3) "Vexatious litigator" means any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions. "Vexatious litigator" does not include a person who is authorized to practice law in the courts of this state under the Ohio Supreme Court Rules for the Government of the Bar of Ohio unless that person is representing or has represented self pro se in the civil action or actions.

(B) A person, the office of the attorney general, or a prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation who has defended against habitual and persistent vexatious conduct in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator. The person, office of the attorney general, prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation may

17

commence this civil action while the civil action or actions in which the habitual and persistent vexatious conduct occurred are still pending or within one year after the termination of the civil action or actions in which the habitual and persistent vexatious conduct occurred.

(C) A civil action to have a person declared a vexatious litigator shall proceed as any other civil action, and the Ohio Rules of Civil Procedure apply to the action.

(D) (1) If the person alleged to be a vexatious litigator is found to be a vexatious litigator, subject to division (D)(2) of this section, the court of common pleas may enter an order prohibiting the vexatious litigator from doing one or more of the following without first obtaining the leave of that court to proceed:

(a) Instituting legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court;

(b) Continuing any legal proceedings that the vexatious litigator had instituted in any of the courts specified in division (D)(1)(a) of this section prior to the entry of the order;

(c) Making any application, other than an application for leave to proceed under division (F)(1) of this section, in any legal proceedings instituted by the vexatious litigator or another person in any of the courts specified in division (D)(1)(a) of this section.

(2) If the court of common pleas finds a person who is authorized to practice law in the courts of this state under the Ohio Supreme Court Rules for the Government of the Bar of Ohio to be a vexatious litigator and enters an order described in division (D)(1) of this section in connection with that finding, the order shall apply to the person only insofar as the person would seek to institute proceedings described in division (D)(1)(a) of this section on a pro se basis, continue proceedings described in division (D)(1)(b) of this section on a pro se basis, or make an application described in division (D)(1)(c) of this section on a pro se basis. The order shall not apply to the person insofar as the person represents one or more other persons in the person's capacity as a licensed and

18

registered attorney in a civil or criminal action or proceeding or other matter in a court of common pleas, municipal court, or county court or in the court of claims. Division (D)(2) of this section does not affect any remedy that is available to a court or an adversely affected party under section 2323.51 or another section of the Revised Code, under Civil Rule 11 or another provision of the Ohio Rules of Civil Procedure, or under the common law of this state as a result of frivolous conduct or other inappropriate conduct by an attorney who represents one or more clients in connection with a civil or criminal action or proceeding or other matter in a court of common pleas, municipal court, or county court or in the court of claims.

(3) A person who is subject to an order entered pursuant to division (D)(1) of this section may not institute legal proceedings in a court of appeals, continue any legal proceedings that the vexatious litigator had instituted in a court of appeals prior to entry of the order, or make any application, other than the application for leave to proceed allowed by division (F)(2) of this section, in any legal proceedings instituted by the vexatious litigator or another person in a court of appeals without first obtaining leave of the court of appeals to proceed pursuant to division (F)(2) of this section.

(E) An order that is entered under division (D)(1) of this section shall remain in force indefinitely unless the order provides for its expiration after a specified period of time.

(F) (1) A court of common pleas that entered an order under division (D)(1) of this section shall not grant a person found to be a vexatious litigator leave for the institution or continuance of, or the making of an application in, legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court unless the court of common pleas that entered that order is satisfied that the proceedings or application are not an abuse of process of the court in question and that there are reasonable grounds for the proceedings or application. If a person who has been found to be a vexatious litigator under this section requests the court of common pleas that entered an order under division (D)(1) of this section to grant the person leave to proceed as described in division (F)(1) of this section, the period of time

commencing with the filing with that court of an application for the issuance of an order granting leave to proceed and ending with the issuance of an order of that nature shall not be computed as a part of an applicable period of limitations within which the legal proceedings or application involved generally must be instituted or made.

(2) A person who is subject to an order entered pursuant to division (D)(1) of this section and who seeks to institute or continue any legal proceedings in a court of appeals or to make an application, other than an application for leave to proceed under division (F)(2) of this section, in any legal proceedings in a court of appeals shall file an application for leave to proceed in the court of appeals in which the legal proceedings would be instituted or are pending. The court of appeals shall not grant a person found to be a vexatious litigator leave for the institution or continuance of, or the making of an application in, legal proceedings in the court of appeals unless the court of appeals is satisfied that the proceedings or application are not an abuse of process of the court and that there are reasonable grounds for the proceedings or application. If a person who has been found to be a vexatious litigator under this section requests the court of appeals to grant the person leave to proceed as described in division (F)(2) of this section, the period of time commencing with the filing with the court of an application for the issuance of an order granting leave to proceed and ending with the issuance of an order of that nature shall not be computed as a part of an applicable period of limitations within which the legal proceedings or application involved generally must be instituted or made.

(G) During the period of time that the order entered under division (D)(1) of this section is in force, no appeal by the person who is the subject of that order shall lie from a decision of the court of common pleas or court of appeals under division (F) of this section that denies that person leave for the institution or continuance of, or the making of an application in, legal proceedings in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court.

20

(H) The clerk of the court of common pleas that enters an order under division (D)(1) of this section shall send a certified copy of the order to the supreme court for publication in a manner that the supreme court determines is appropriate and that will facilitate the clerk of the court of claims and a clerk of a court of appeals, court of common pleas, municipal court, or county court in refusing to accept pleadings or other papers submitted for filing by persons who have been found to be a vexatious litigator under this section and who have failed to obtain leave to proceed under this section.

(I) Whenever it appears by suggestion of the parties or otherwise that a person found to be a vexatious litigator under this section has instituted, continued, or made an application in legal proceedings without obtaining leave to proceed from the appropriate court of common pleas or court of appeals to do so under division (F) of this section, the court in which the legal proceedings are pending shall dismiss the proceedings or application of the vexatious litigator.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).