# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

       Petitioner,              :       Case No. 3:13-cv-024

                                              District Judge Timothy S. Black

   -vs-                            Magistrate Judge Michael R. Merz

                              :

STATE OF OHIO,

       Respondent.

---

# REPORT AND RECOMMENDATIONS ON POST-JUDGMENT FILINGS

---

       This case is before the Court on Petitioner/Plaintiff's Objections (Doc. No. 39) to the Magistrate Judge's Report and Recommendations (Doc. No. 36) and Motion to Amend (Doc. No. 40).  Because both filings are made post-judgment, they are deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3), requiring a report and recommendations.

       The Objections should be stricken as untimely.  The Report and Recommendations were filed August 16, 2013, and contained the required Notice that any objections were required to be filed within seventeen days of service (14 days under Fed. R. Civ. P. 72(b) plus 3 days for service by mail under Fed. R. Civ. P. 6(d).)  The Clerk docketed a staff note showing that the Report was mailed to Mr. Easterling on the same date it was filed, August 16, 2013.  Under Fed. R. Civ. P. 5(b)(2)(C), service is complete upon mailing.  Mr. Easterling's objections were therefore due to be filed not later than September 3, 2013.[1]

---

[1] The seventeenth day after service was September 2, 2013, Labor Day.  Under Fed. R. Civ. P. 6, Mr. Easterling's time to file was automatically extended until the end of the next day.

Mr. Easterling filed no objections by September 3, 2013, and the Court accordingly entered judgment adopting the Report and Recommendations and dismissing the case on September 4, 2013 (Doc. Nos. 37, 38).

Mr. Easterling's Objections were not filed until September 6, 2013, three days after the period for filing objections expired.  He acknowledges in the Objections that the Report is dated/filed August 16, 2013, and that he received it on August 20, 2013 (Objections, Doc. No. 39, PageID 329).  He claims that the Report was "postmarked" August 19, 2013.  He includes no proof of the postmarking, but it is in any case irrelevant.  Nothing in the Federal Rules of Civil Procedure makes any period of time run from the date of postmark.[2]  Even if the date for filing objections ran from the date of postmarking rather than the date of mailing/service, the Objections would still be untimely, because the seventeenth day after August 19, 2013, was September 5, 2013, and Mr. Easterling did not file his Objections until September 6, 2013.

It is accordingly recommended that the Objections be STRICKEN as untimely and the Motion to Amend (Doc. No. 40) denied as MOOT.

September 9, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected

---

[2] The discrepancy between the Clerk's docketed date of mailing and the postmark is probably explained by the fact that all outgoing Dayton mail is now postmarked in Columbus, Ohio, and it would have taken some time for the mail to go from Dayton to Columbus for postmarking.

to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).