# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

    Petitioner, : Case No. 3:13-cv-024

        District Judge Timothy S. Black
  -vs-        Magistrate Judge Michael R. Merz

                  :

STATE OF OHIO,

    Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

       This case is before the Court on Petitioner/Plaintiff's Notice of Appeal (Doc. No. 43) and Motion for Leave to Appeal *in forma pauperis* (Doc. No. 42). Because the latter is a post-judgment motion, it is deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3), requiring a report and recommendations rather than a decision.

       The Sixth Circuit Court of Appeals requires that all district courts in the Circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis,* whether the appeal is frivolous. *Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997).

       28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

       Plaintiff was granted leave to proceed *in forma pauperis* in this Court, but that determination is not conclusive, since the appeal involves a separate proceeding. *Slack v. McDaniel,* 529 U.S. 473 (2000)*; Spruill v. Temple Baptist Church,* 141 F.2d 137, 138 (D.C. Cir.

1

1944). If the party was permitted to proceed *in forma pauperis* in the district court, the party may proceed on appeal in forma pauperis without further authorization unless the district court certifies in writing that an appeal would not be taken in good faith, or the party is not otherwise entitled to proceed as a pauper. See Fed. R.App. P. 24(a)(3). If the district court denies the individual leave to proceed *in forma pauperis* on appeal, the party may file, within thirty days after service of the district court's decision as prescribed for by Fed. R.App. P. 24(a)(4), a motion with the Court of Appeals for leave to proceed as a pauper on appeal. The party's motion must include a copy of the affidavit filed in the district court and the district court's statement as to its reasons for denying pauper status on appeal. See Fed. R.App. P. 24(a)(5). *Callihan v. Schneider,* 178 F.3d 800, 803 (6th Cir. 1999), holding *Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997), superseded in part by 1998 amendments to Fed. R.App. P. 24.

The test under § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue not frivolous. *Coppedge v. United States,* 369 U.S. 438 (1962). Thus an appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal. This test will often be difficult to apply in any conclusive manner at the district court level because only a bare notice of appeal is before the District Court; it will often be unable to evaluate the issues appellant intends to raise on appeal because the appellant has no occasion to reveal those issues in a notice of appeal.

> The issues Petitioner says he intends to raise on appeal are:
>
>> The dismissal for failure to state a claim are [sic] in error. Plaintiff's Complaint proved the State of Ohio liable and proved a right to relief.
>>
>> The Court denied a Rule 15 motion to amend where the new evidence perfected Petitioner's Complaint along with new claims

2

> where Title 42 Sec. 1983, Title 42 Sec. 1985, Title 18 Sec. 242 and 242 [sic] provide a right to relief along with the 5th, 8th, 10th, 14th Amendments of the U.S. Constitution.

(Affidavit, Doc. No. 42, PageID 358.)

Regarding the first of these two claims, it is objectively frivolous because Mr. Easterling forfeited his right to appeal from Judge Black's Decision because he did not file timely objections to the Magistrate Judge's Report and Recommendations (Doc. No. 36) recommending dismissal for failure to state a claim.  Mr. Easterling was specifically reminded in the Report and Recommendations that failure to file timely objections would forfeit rights on appeal (Doc. No. 36, PageID 325).   Despite this warning which has appeared on every Report and Recommendations filed in this and Mr. Easterling's other two cases, and despite his usual very prompt filing of objections, in this instance he did not file on time.   The Magistrate Judge has recommended dismissing the late-filed Objections (Report, Doc. No. 41, and objections to that Report are due to be filed not later than September 26, 2013.

Regarding the second claim related to a Rule 15 Motion, it was made after judgment dismissing the Petition was final and thus is moot because the Petition/Complaint was dismissed with prejudice.

Accordingly, it is respectfully recommended that the Motion for Leave to Appeal *in forma pauperis* be denied.

September 24, 2013.

s/ *Michael R. Merz*  
United States Magistrate Judge

3

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).