# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

       Petitioner,        :        Case No. 3:13-cv-024

                                    District Judge Timothy S. Black
   -vs-                              Magistrate Judge Michael R. Merz

                             :

STATE OF OHIO,

       Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This case is before the Court on Plaintiff's Motion for Relief from Judgment (Doc. No. 49).

Final judgment was entered in this case September 4, 2013 (Doc. Nos. 37, 38). Easterling appealed, but his appeal was dismissed by the Sixth Circuit for want of prosecution. *Easterling v. Ohio Attorney General,* Case No. 12-4122 (6th Cir. Apr. 16, 2014)(unreported, copy at Doc. No. 48).

Fed. R. Civ. P. 60(b) reads as follows:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

1

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Easterling does not indicate which subsection of Rule 60(b) he is relying on. Under Fed. R. Civ. P. 60(c), motions made under Fed. R. Civ. P. 60(b)(1), (2), or (3) must be made within one year after the entry of the judgment or order or the date of the proceeding. The one-year time limit on a 60(b) motion is jurisdictional. *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006), cited with approval in *Mitchell v. Rees II,* 261 Fed. Appx. 825, 2008 U.S. App. LEXIS 927 (6th Cir. 2008). To the extent Easterling is relying on 60(b)((1), (2), or (3), his Motion is barred by Rule 60(c).

Rule 60(c) also requires all motions under Rule 60(b) to be filed within a reasonable time after judgment. Easterling's Motion relies on case law which was reported well before final judgment in this case, much of it already cited to the Court. Any Rule 60(b) motion relying on pre-existing law and filed twenty-two months after judgment is untimely and Easterling's Motion should be denied on that basis.

July 18, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).