# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

                Plaintiff,    :    Case No. 3:13-cv-024

                                    District Judge Timothy S. Black
  - vs -                            Magistrate Judge Michael R. Merz

OHIO ATTORNEY GENERAL
MIKE DEWINE,

                Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Motion for Relief of Judgment (ECF No. 53) and his Motion for Recusal of District Judge Black (ECF No. 54). Defendant opposes both Motions (Response in Opposition, ECF No. 56).

**Relief from Judgment**

The Clerk entered final judgment in this case on September 4, 2013 (ECF No. 38) upon Judge Black's Order (ECF No. 37) adopting the Magistrate Judge's Report and Recommendations ("Report," ECF No. 36). The Report recommended dismissal because Easterling's Complaint, which sought a declaration that Ohio's vexatious litigator statute was un constitutional, failed to

1

state a claim upon which relief could be granted. Easterling failed to object within the time allowed by Fed. R. Civ. P. 72(b). Although he appealed to the Sixth Circuit, he failed to prosecute the appeal and it was dismissed on that basis. *Easterling v. Dewine,* Case No. 13-4122 (6th Cir. May 29, 2014)(unpublished; copy at ECF No. 48). Easterling previously moved in 2015 for relief from judgment (ECF No. 49), but the Motion was denied as untimely (ECF No. 52). Now, more than three years later, Easterling has again moved for relief from judgment.

The instant Motion purports to be brought under Fed. R. Civ. P. 60(b)(3) and 60(b)(4). Rule 60(b) provides in its entirety:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

The Motion for Relief should be denied for all of the following reasons.

First of all, to the extent it is made under Fed. R. Civ. P. 60(b)(3), the Motion is untimely. Fed. R. Civ. P. 60(c) requires that a motion under Rule 60(b)(3) be made within a year after judgment. The instant Motion was not filed until more than five years after judgment. Easterling claims he is exempt from that timeliness rule, relying on *Bulloch v. United States*, 763 F.2d 1115 (10th Cir. 1985). That case did not involve setting aside a judgment under Fed. R. Civ. P. 60(b)(3). Rather, the plaintiffs had brought an independent action to vacate a judgment and the court of appeals denied relief. Bulloch itself says unexplained delay counts against granting relief even in an independent action, and Easterling has not explained hjs five-year delay.

Second, the Motion does not refer to any evidence that the Attorney General defrauded the Court. It alleges the fraud consisted of "submission of evidence obtained through fraud," (PageID 407), but does not say what that evidence was. The case was decided on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and Defendant submitted no evidence at all.

Third, the apparent basis of Easterling's Motion is that the "State can produce no valid judgment from a court of competent jurisdiction confirming the statute is constitutional." *Id.* But the valid final judgment in this case does precisely that. In the Report that led to that judgment, the Magistrate Judge cited *Hall v. Callahan,* 2013 U.S. App. LEXIS 14520 (6th Cir. 2013), which also upheld the constitutionality of Ohio's vexatious litigator statute.

Easterling also argues that the judgment is contrary to existing case law (PageID 408), but only cites cases previously considered and rejected by this Court. If Easterling believed this Court was wrong, he should have prosecuted his appeal from the judgment. It is well-established that a motion for relief from judgment is not a proper substitute for appeal. *GenCorp. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007).

**Recusal**

Easterling asserts Judge Black is disqualified and must recuse himself under 28 U.S.C. § 144 because he conspired with District Judge Walter H. Rice to deprive Easterling of access to the courts by preventing him from entering the Federal Building which houses the Dayton location of Court. As proof of the participation of Judge Black in the alleged conspiracy, Easterling points to the fact that Judge Rice caused Judge Black (along with all the other federal judges with offices at 200 West Second Street) to receive copies of the Entry Barring Easterling. (See PageID 414-16, reproducing PageID 1-3 in Case No. 3:14-mc-11).

§ 144 requires a party to file an affidavit of personal bias. The instant Motion has no such affidavit attached. More importantly, the notion that receipt of a copy of a court order proves one conspired with its author is utter nonsense. The Motion for Recusal should be denied on both these bases.

October 22, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).